United States Court of Appeals,

Fifth Circuit.

No. 92–8145

Summary Calendar.

Roger M. SALTZ, Plaintiff–Appellant,

v.

TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY, Texas Employment Commission, and Reece Albert, Inc., Defendants–Appellees.

Nov. 10, 1992.

Appeal from the United States District Court for the Western District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS Circuit Judges.

DeMOSS, Circuit Judge:

Background

On March 3, 1988, after approximately five weeks of employment, Saltz was fired by Reece Albert, Inc. ("employer") for refusing to submit to a urinalysis test. Saltz contends that the test was unannounced and was not disclosed to him at the time of his employment. The employer contends that the obligation of all employees to participate in random drug testing program was disclosed to and accepted by Saltz at the time of his employment. Prior to commencing his employment with Reece Albert, Inc., Saltz lived in Tennessee. Saltz filed his initial claim for unemployment benefits with the Texas Employment Commission ("TEC") who treated his claim as an "interstate claim" by reason of his short employment history in Texas as compared to his prior employment history in Tennessee and transferred the claim to the Tennessee Department of Employment Security ("TDES") for determination of plaintiff's benefits. The TDES initially determined that Saltz was not eligible for unemployment benefits because his refusal to take the urinalysis test was deemed "work related misconduct" under Tennessee law. After various administrative hearings and appeals during which Saltz first requested the TEC to hold a hearing in Texas which was refused by the TEC and later requested the TDES to issue subpoenas for witnesses and documents in Texas, which was refused by TDES on the grounds that it had no such authority, the board of review of TDES finally

determined on December 9, 1988, that Saltz was ineligible for benefits. In 1989, Saltz sued his employer, TEC, TDES, and the U.S. Secretary of Labor in the U.S. District Court for the District of Columbia. This initial suit was transferred to the U.S. District Court for the Western District of Texas where it was dismissed in October, 1990 for failure of Saltz to attend a status conference and failure to properly prosecute his action. Thereafter in November, 1990 Saltz filed this present action in the Western District of Texas against the same parties defendant except he omitted the U.S. Secretary of Labor. Each defendant moved to dismiss the complaint. The employer moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). TDES and TEC each moved to dismiss on failure to state a claim upon which relief can be granted and asserted sovereign immunity as guaranteed by the Eleventh Amendment of the United States Constitution. In spite of the fact that the motions to dismiss might have been avoided by amendment of the complaint, Saltz elected to stand on his pleadings and made no response to the motions to dismiss for over a year. Further difficulties arose regarding scheduling orders, conferences of attorneys, and completion of discovery, and on November 27, 1991, the District Judge entered an order to Saltz to show cause on or before December 9, 1991, why the case should not be dismissed. When the show cause order did not resolve the scheduling problems, the District Court entered another order postponing the then trial setting and scheduled a status report for all parties on January 20, 1992. Though the defendants timely filed such reports, Saltz did not file his report until January 21, 1992, and filed a motion for summary judgment at the same time. On January 27, 1992, the district judge entered an order which granted the defendants' motions to dismiss and dismissed the complaint with prejudice for failure to prosecute and to comply with the court orders. After a motion for new trial was overruled, Saltz filed a timely notice of appeal to this court.

In his complaint Saltz sought declaratory and injunctive relief against the TEC and TDES on the grounds that (i) the application of Tennessee law to the facts of his underlying claim for unemployment compensation benefits violated his right to substantive due process of law as guaranteed by the Fourteenth Amendment of the Constitution; and (ii) that the failure to provide for reciprocal discovery and subpoena enforcement violated his constitutional rights to procedural due

process of law as guaranteed by the Fourteenth Amendment. Apparently Saltz joined his employer as a necessary party to his pendent state claim appealing the denial of unemployment compensation benefits by the TDES.

Opinion

Dismissal of the State Agencies

The Eleventh Amendment to the United States Constitution reads:

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state."

On its face, the Eleventh Amendment shields the states from suits by non-citizens only, but the Supreme Court early on construed it in light of a broader notion of sovereign immunity implicit in our federal/state scheme so as to prohibit also suits against a state by its own citizens. *See Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). However, as stated by this court in *Brennan v. Stewart,* 834 F.2d 1248, 1252 (1988), "a gaping hole in the shield of sovereign immunity created by the eleventh amendment and the Supreme Court" is the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This doctrine holds that acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state; and suits seeking to enjoin such wrongful and unauthorized acts are not suits against the state and a federal courts' injunction against such wrongful acts is not a judgment against the state itself. The essential ingredients of the *Ex parte Young* doctrine are that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect.[1] While labeled as a "fiction", the doctrine of *Ex parte Young* has become a fixture in federal litigation *see Brennan* at page 1252, note 6. Clearly the nature of the relief sought by Saltz would qualify as part of the *Ex parte Young* doctrine; but for some inexplicable reason Saltz has failed or refused to satisfy the other essential ingredient, i.e., suing individual state officials in their official capacities. Fiction though it may be, we hold that the requirement for suing

---

[1]For fuller discussion *see* Wright Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d,* §§ 4231, 4232 (1988).

state officials in their individual capacities is an essential element of the *Ex parte Young* doctrine; and the district court was correct in dismissing Saltz's complaint against TEC and TDES on the grounds of sovereign immunity under the Eleventh Amendment. Since that ground is sufficient in itself to support the district court's action, we need not decide the correctness of the other grounds referred to by the district court in entering its order of dismissal. In his reply brief, Saltz attempts to avoid the Eleventh Amendment bar by asserting either that the relevant statutes establishing the unemployment compensation scheme contained express Congressional waivers of Eleventh Amendment immunity or that the States impliedly waived the Eleventh Amendment bar by participating therein; but we find those assertions unpersuasive and foreclosed by the holdings of the Supreme Court in *Eddleman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Dismissal of the Employer

Saltz's complaint asks for no relief of any kind against the employer. Since the federal claims against TDES cannot be maintained because of the Eleventh Amendment, the pendent state action for reversal of the decision of TDES regarding Saltz's ineligibility for unemployment compensation benefits, wherein the employer may have been a necessary party, is no longer sustainable in the district court. The decision of the district court to dismiss the employer under rule 12(b)(6) is AFFIRMED.

We AFFIRM the judgment of the District Court.