UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50830
_____

In The Matter of: TEJAS TESTING TECHNOLOGY ONE;
TEJAS TESTING TECHNOLOGY TWO,

                                                    Debtors,

_____

SOUTHEAST REGION OPERATING CONTRACTORS; MUBARAK ALI ASHARIA; ALICO
BUSINESS, INC.; GENE A. DRAKE; KARTEST, INC.; HOUSTON FRAZIER;
HOULUE AIR, INCORPORATED; RICHARD GRAYSON; EMTEX CORPORATION; DAVID
HARRIS; ENVIRONMENTAL TESTING, INC.; ANTHONY JEAN; FUTURE AIR,
INC.; MARTHA KAPLAN; CHRISAIR CORPORATION; ROBERT LEE; ZAPOTEC,
INC.; JACOB MATHEW; DISNEY TESTING, INC.; WILMER J. MOORE; WESTSIDE
AUTO EMISSIONS TESTING, INC.; RICHARD MORENO, RHRM, INC.; ALVIN W.
PHILLIPS; TEXAS EMISSION SYSTEM TESTING, INC.; PEGGY ROARK; R & R
INTERESTS, INC.; M. S. SAFADI; ZODIAC ENTERPRISES AND INVESTMENT,
INC.; MARK SHERRILL; NO ZONE ENTERPRISES, INC.; YU-TSAI WEI; EARTH
AIRCARE, INC.; CLAUDIA WILSON; OLD BLUE, INC.; OPERATING
CONTRACTORS; ABS EMISSIONS, INC; AMVI ENTERPRISES, INC.; BTM, INC.;
CARRELL MANAGEMENT SERVICES, INC.; CLEAN HORSE, INC.; CRICKETT I,
LLC; CRICKETT II, LLC; CRR, INC.; DIVERSIFIED GROUP, INC.; ECOTEST
LTD., INC.; EMISSIONS CHECKS, INC.; EMISSIONS, LLC; EMISSIONS II,
LLC; GATE KEEPER, INC.; HUNGRY HORSE ENTERPRISES, LTD., CO.;
MCNEILL ENTERPRISES, INC.; NORMANDALE EMISSIONS CERTIFICATE CENTER,
INC.; RDR ENTERPRISES, INC; RHUBARB MANAGEMENT, INC.; TEJAS OAK
CLIFF, LLC; TEXAS CLEAN AIR CORPORATION; GREEN ENVIRONMENTAL
MANAGEMENT, INC.; HARBLACON TESTING, INC.; KLA SERVICES, INC.; THE
WILLIAM H. WALLACE CO.; J T J T JABB, LLC; JOHN JOHN PEREX, JR.,
INC., JR.,

                                                    Appellees,

                        v.

BARRY MCBEE; RALPH MARQUEZ; JOHN H. BAKER; DAN PEARSON; JAMES R.
WILSON; WILLIAM G. BURNETT; DAN MORALES, Attorney General,

                                                    Appellants.

Appeal from the United States District Court
for the Western District of Texas
(A-96-CV-70)

June 26, 1998

Before JONES, STEWART, and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Several operating contractors involved with Texas's former vehicle emissions testing program sued the state and various state officials on a plethora of claims after the Texas legislature discontinued the program. The defendants moved to dismiss the case on the ground of Eleventh Amendment immunity. The district court denied the motion to dismiss, and the defendants appealed. We affirm in part, reverse in part, and remand.

## I. Background

### A. Facts

Between 1991 and 1995, the State of Texas acted to implement a vehicle emissions testing program in certain metropolitan areas of the state. In 1993, the state contracted with Tejas Testing Technology One, L.C., and Tejas Testing Technology Two, L.C., (collectively "Tejas") to operate the testing program. In 1995, however, the state canceled the program with the passage of S.B. 178. Tejas then sued the Texas Natural Resources Conservation Commission ("TNRCC") and various state officials in

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

their official capacity ("State Officials")[1] (collectively "State") in state court for breach of contract and numerous other state and federal causes of action. Shortly thereafter, Tejas declared bankruptcy. The case was removed to bankruptcy court and subsequently transferred to federal district court after the reference was withdrawn. During this time, the operating contractors,[2] with whom Tejas had contracted to operate its emissions testing centers, intervened as plaintiffs against the State.

The State subsequently filed motions to dismiss Tejas's and the operating contractors' complaints, asserting its Eleventh Amendment immunity. In particular, the State Officials argued that although the two complaints couched their requests for relief in the form of prospective declaratory and injunctive relief under *Ex parte Young*, the real nature of the relief sought was retroactive money damages for breach of contract—a suit barred by the Eleventh Amendment. The State Officials contended that *Ex parte Young* could not apply unless Tejas and the operating contractors could identify some form of prospective relief that would be meaningful to them. The district court denied the motions to dismiss.

---

[1] The state officials were the three TNRCC commissioners, the executive director of the TNRCC, the director of the Texas Department of Public Safety, the director of the Texas Department of Transportation, and the attorney general.

[2] The operating contractors are collectively identified in two groups: (1) the Southeast Region Operating Contractors, and (2) the Operating Contractors.

Tejas eventually settled its dispute with the State. As a consequence, the appeal now before this court concerns only the State Officials and the operating contractors. The precise issue we address is the propriety of the district court's denial of the motion to dismiss the operating contractors' complaint as it pertains specifically to the State Officials.

### B. Operating Contractors' Causes of Action[3]

The operating contractors assert the following causes of action against the State Officials in their First Amended Complaint.[4] Each cause of action is followed by the nature of the relief sought.

1. breach of contract against TNRCC (money damages)
2. third party beneficiary claim against TNRCC (money damages)

Declaratory relief that S.B. 178:
3. violates the Texas Constitution because it is a "special law" (declaratory relief)

---

[3] Before the State filed its motion to dismiss, the operating contractors' complaint contained only state law claims. After the State filed its motion to dismiss, the operating contractors filed their "First Amended Complaint" to add numerous federal claims. Although the district court did not directly address the operating contractors' First Amended Complaint (and thus the operating contractors' federal claims) in denying the State's motion to dismiss, the district court did directly address the substance of the operating contractors' federal claims, because the exact same claims were contained in Tejas's complaint. Because the district court addressed the applicability of the Eleventh Amendment to every claim made by the operating contractors—although sometimes in the context of Tejas—it is unnecessary to remand the case to the district court for further consideration.

[4] The number assigned to the summary of each cause of action in this section is identical to the number assigned to that cause of action in the operating contractors' First Amended Complaint. For simplicity, this opinion will refer to each cause of action by number throughout.

4. is an unconstitutional bill of attainder under both the Texas and U.S. Constitutions (declaratory relief)
5. is an unconstitutional impairment of contract under both the Texas and U.S. Constitutions (declaratory relief)
6. is an unconstitutional retroactive law under the Texas Constitution, which gives rise to a § 1981 claim against the State (no request for specific relief)
7. violates the operating contractors' civil rights under the Texas and U.S. Constitutions by impairing their contract rights (money damages, declaratory relief, and injunctive relief)
8. is an unconstitutional taking under the Texas and U.S. Constitutions (money damages and declaratory relief)
9. violates the Commerce Clause of the U.S. Constitution (declaratory and injunctive relief)
10. violates the Supremacy Clause of the U.S. Constitution (declaratory and injunctive relief)
11. § 1983 action for deprivation of federal rights (money damages and injunctive relief)
12. declaration that the operating contractors' further performance is excused based on the State's conduct to date (declaratory relief)
13. declaration that the illegality of the State's action in enacting S.B. 178 does not excuse performance by the TNRCC and the State Officials under the emissions contracts (declaratory relief)
14. declaration that S.B. 178 is void because of its constitutional infirmities (money damages and declaratory relief)

## II. Analysis

### A. Jurisdiction & Standard of Review

This court has jurisdiction to consider an interlocutory appeal from the denial of a motion to dismiss based upon Eleventh Amendment immunity. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 113 S. Ct. 684 (1993); *Earles v. State Board of Certified Public Accountants*, 139 F.3d 1033, 1036 (5th Cir. 1988). We review a district court's denial of a motion to dismiss de novo, accepting all of the facts asserted in the plaintiff's

5

complaint as true. *See Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992). The motion may be granted "'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" *Id.* (quoting *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986)).

## B. *Ex parte Young*

"*Young* established the principle that the Eleventh Amendment does not bar a suit in federal court against a state official to enjoin his enforcement of a state law alleged to be unconstitutional." *American Bank & Trust Co. v. Dent*, 982 F.2d 917, 920 (5th Cir. 1993). The *Ex parte Young* doctrine "ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law." *Puerto Rico Aqueduct*, 113 S. Ct. at 688; *see also* 17 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 4232 (2d ed. 1988 & Supp. 1998). However, *Young* "does not foreclose an Eleventh Amendment challenge where the official action is asserted to be illegal as a matter of state law alone." *Papasan v. Allain*, 106 S. Ct. 2932, 2940 (1986) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 104 S. Ct. 900, 910-11 (1984)). "In such a case, federal supremacy is not implicated because the state official is acting contrary to state law only." *Id.* Therefore, "*Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law." *Pennhurst*, 104 S. Ct. at 911.

6

In addition, "*Young* cannot be extended to permit a suit for equitable monetary restitution from the state treasury for a past breach of a legal duty . . . ." *American Bank & Trust Co.*, 982 F.2d at 920 (citing *Edelman v. Jordan*, 94 S. Ct. 1347, 1355-60 (1974)). Rather, *Young* permits only prospective injunctive or declaratory relief. *See id.* (citing *Pennhurst*, 104 S. Ct. at 909); *see also Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (stating that for *Ex parte Young* to apply, the "suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect").

### (1)   State-law Claims

The operating contractors' cause of action No. 3 deals solely with an issue of state law. Therefore, it cannot fall within *Ex parte Young*. This cause of action is dismissed pursuant to the Eleventh Amendment.

The operating contractors' causes of action Nos. 4, 5, 6, 7, and 8 deal, in part, with whether S.B. 178 is unconstitutional under certain provisions of the Texas Constitution. To the extent that these causes of action turn on issues of state law alone, they cannot fall within *Ex parte Young* and are dismissed pursuant to the Eleventh Amendment.

### (2)   Nature of Relief Sought

The issue before this court on the operating contractors' remaining causes of action is whether the relief sought is declaratory or injunctive in nature and prospective in effect, or

7

whether——when all of the operating contractors' imprecise pleading language is removed to reveal the real nature of this case——the relief sought is essentially retroactive monetary damages.  The Supreme Court, in addressing a similar inquiry, has stated:

> Consequently, *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation.  As we have noted: "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law.  But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment."

> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant.  This is true if the relief is expressly denominated as damages.  It is also true if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else.  On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

*Papasan*, 106 S. Ct. at 2940 (internal citations and footnotes omitted).  The Court went on to state:

> For Eleventh Amendment purposes, the line between permitted and prohibited suits will often be indistinct: "[T]he difference between the type of relief barred by the Eleventh Amendment and that permitted under *Ex parte Young* will not in many instances be that between day and night."  In discerning on which side of the line a particular case falls, we look to the substance rather than to the form of the relief sought, and will be guided by the policies underlying the decision in *Ex parte Young*.

8

*Id.* at 2940-41 (internal citations omitted).  The State Officials' assertion that injunctive relief is impracticable, and therefore a pleading ruse, because the operating contractors cannot possibly perform the contract, is unpersuasive at this point.  The argument depends on facts outside the pleadings for purposes of the motion to dismiss.

The operating contractors' causes of action Nos. 1 and 2 deal with breach of contract and third-party beneficiary claims.  These two causes of action are straightforward claims for retroactive monetary damages for the breach of a past legal duty.  As such, if directed at the State Officials, they do not fall within *Ex parte Young* and should be dismissed.  However, because causes of action Nos. 1 and 2 are expressly framed against only the TNRCC, we do not reach this issue.

To the extent that the operating contractors' causes of action Nos. 8 and 11 seek retroactive monetary damages, they are dismissed pursuant to the Eleventh Amendment.

Finally, the operating contractors' causes of action Nos. 4 to 14 all seek, at least on their face, prospective declaratory or injunctive relief for a continuing violation of federal law.[5]  Whether there is any merit to these claims is far from clear, if for no other reason than it appears doubtful whether there exists a contractual relationship between the operating contractors and the State of Texas.  More importantly, whether these claims are

---

[5] To the extent that this opinion has already addressed causes of action Nos. 4, 5, 6, 7, 8, and 11, the following part of this opinion does not apply to them.

truly for prospective declaratory or injunctive relief is uncertain. The State Officials argue that there is no meaningful declaratory or injunctive relief available to the operating contractors and that this suit is essentially a suit for retroactive money damages disguised in a carefully worded complaint giving the appearance of an *Ex parte Young* action. If this turns out to be true upon remand and further proceedings in the district court, these causes of action should be dismissed pursuant to the Eleventh Amendment. A suit for retroactive money damages against a state official in his official capacity is barred by the Eleventh Amendment and does not fall within the *Ex parte Young* exception. However, for the present purpose of determining whether the district court properly denied the State Officials' motion to dismiss, the operating contractors have stated in causes of action Nos. 4 to 14 claims that -- on their face -- fall within *Ex parte Young.* To the extent that these causes of action are claims against individual state officials for prospective declaratory and injunctive relief in the face of a Texas law (S.B. 178) alleged to be a continuing violation of federal law, they are not barred by the Eleventh Amendment. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 117 S. Ct. 2028, 2040 (1997) ("An allegation of an on-going violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction."). In sum, at this stage, it does not appear that no relief could be granted to the operating contractors under any set of facts that could be

proven consistent with the allegations contained in their First Amended Complaint.[6]

### III.  Conclusion

For the foregoing reasons, the district court is **REVERSED** in part, **AFFIRMED** in part, and this case is **REMANDED** for further proceedings consistent with this opinion.

---

[6]  Declaratory or injunctive relief on remand, of course, is far from certain.  "[A] plaintiff who has brought his case within the Young doctrine must still overcome the other statutory and court-made barriers to such injunctions, and he must meet the usual equitable requirements for an injunction.  '[N]o injunction ought to issue against officers of a State clothed with authority to enforce the law in question, unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury.'" 17 WRIGHT ET AL., *supra*, § 4232, at 569 (internal footnote omitted) (citing *Massachusetts State Grange v. Benton*, 47 S. Ct. 189, 190 (1926)).