# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2010

No. 10-40120
Summary Calendar

Lyle W. Cayce
Clerk

JOHN REXSES,

Plaintiff - Appellant

v.

THE GOODYEAR TIRE & RUBBER COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-cv-272

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following his termination, Plaintiff-Appellant John Rexses ("Rexses") sued Defendant-Appellee Goodyear Tire & Rubber Company ("Goodyear") under the Texas Commission on Human Rights Act for age discrimination. The magistrate judge granted summary judgment to Goodyear; Rexses appeals. Because Rexses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40120

has failed to establish a prima facie case of age discrimination, and because he cannot otherwise establish that he was discharged due to his age, we **AFFIRM.**

## I.  BACKGROUND

Rexses was terminated from his job at Goodyear in 2007, when he was 53 years old.  The record reflects that Rexses was warned and/or reprimanded over a number of disciplinary problems that arose in late 2005 after he was passed over for a promotion.  Following a lengthy short-notice vacation, Rexses told his supervisor, Bob Hebert ("Hebert"), that he intended to pursue other employment opportunities outside his work division.  Following that announcement, Hebert initiated a succession planning meeting with Rexses.  Around that time, Rexses started emailing various individuals outside his work group in violation of Goodyear's established chain of command.  Following each incident, Hebert reprimanded Rexses.  On several occasions, Hebert offered Rexses a transfer, which Rexses declined each time.  Rexses has acknowledged and apologized for his misconduct.

However, the disciplinary problems continued.  On February 2, 2007, Rexses sent another inappropriate email to contacts outside his division.  As a result, on February 13, Hebert informed Rexses that Rexses would be transferred to the Six Sigma division.  Rexses immediately took vacation leave and sent one last inappropriate email to a third party vendor.  A 58-year-old vice president at Goodyear finally emailed Rexses his termination: "John, I have had enough of your B.S. I assume that you have another job!  If not – you had better consider finding one since you no longer have one in the Chemical Operations."

Following Rexses's termination, his division did not hire a replacement, but instead eliminated Rexses's position and divided up his old responsibilities among the existing staff.  Many, but not all, of his former duties went to a co-worker, Linda Joseph, who was age 48 at the time of Rexses's termination.

No. 10-40120

## II.  STANDARD OF REVIEW

"The court reviews the district court's grant of summary judgment *de novo*, applying the same standards as the district court.  Summary judgment is warranted if 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Depree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009) (internal citations omitted).

## III.  DISCUSSION

Rexses filed suit under the Texas statute prohibiting age discrimination – the Texas Commission on Human Rights Act ("TCHRA") – which states, in pertinent part:

> An employer commits an unlawful employment practice if because of . . . age the employer: (1) . . . discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment . . . .

Tex. Lab. Code Ann. § 21.051(1).  Texas state courts interpret that provision in line with analogous federal law.  *See Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) ("The Legislature intended to correlate state law with federal law in employment discrimination cases when it enacted the TCHRA.").  To prevail on his claim, Rexses first must establish a prima facie case of age discrimination by showing that he (1) is a member of a protected class, (2) was qualified for his position, (3) was subject to an adverse employment action, and (4) was "either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of . . . age." *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309, 312 (5th Cir. 2004).  The third alternative of the last element applies in circumstances where the plaintiff is not replaced.  *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

3

No. 10-40120

Both parties agree that Rexses has satisfied the first three components of his prima facie case.

## A.   Rexses Was Not "Replaced"

The court correctly noted that a terminated employee has not been "replaced" when his position is eliminated and his former duties are distributed among other co-workers. *See, e.g.*, *Dulin v. Dover Elevator Co.*, 139 F.3d 898 (5th Cir. 1998) (affirming district court's holding that "when an employee's position has been eliminated and the job duties reassigned to existing employees, that employee has not been replaced"). That is what happened here. Rexses acknowledges that some of his duties were assigned to Linda Joseph, and others were assigned to Hebert. *See* R. at 358 (Pl.'s Resp. to Def.'s Motion for Sum. Jud.). Moreover, the record shows that there were a number of material differences between Joseph's duties and those of Rexses. *See* R. at 256-57 (Decl. of Bob Hebert). The district court correctly concluded that as a matter of law, Rexses was not "replaced."

Because we agree that Rexses was not "replaced," we do not consider whether the five-year age gap between Joseph and Rexses made Joseph "substantially younger" as a matter of law.

## B.   Rexses Was Not Otherwise Discharged Because of Age

Rexses cites several examples of what he perceives to be age discrimination. First, he states that he was encouraged to engage in succession planning. The record indicates that Goodyear officers discussed succession planning with Rexses only after he had threatened to resign. An employer's inquiry into an employee's age and retirement plans is not by itself evidence of discriminatory intent. *See Moore v. Eli Lilly & Co.*, 990 F.2d 812, 818 (5th Cir. 1993).

4

No. 10-40120

Rexses next argues that he was subjected to trivial reprimands designed to create a pretext under which his employer could fire him.  The district court rejected this conclusion because Rexses himself had acknowledged and apologized for his wrongdoing that led to the reprimands.  Finally, Rexses argues that his employer engaged in a pattern of discriminatory conduct.  The district court properly rejected this claim because Rexses presented no evidence apart from his own subjective beliefs.

Goodyear met its burden of articulating a legitimate and neutral business reason for terminating Rexses.  Rexses was terminated for being insubordinate, for flouting the company's chain of command, and for sending inappropriate emails to third parties.  But there is no evidence that Rexses was fired by a manager five years his senior due to age animus.

## IV.  CONCLUSION

Rexses has failed to demonstrate a prima facie claim for age discrimination.  Goodyear was entitled to summary judgment.  The judgment of the trial court is **AFFIRMED**.

5