# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41132
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2014

Lyle W. Cayce
Clerk

NADEAN GRIFFIN; JERRY SMOTHERMAN,

Plaintiffs - Appellants

v.

KENNARD INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
U.S.D.C. No. 9:12-CV-145

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiffs Nadean Griffin and Jerry Smotherman (collectively, "the Plaintiffs") appeal the district court's summary judgment in favor of Kennard Independent School District ("KISD") on their claims of race-based employment discrimination. We AFFIRM.

I.

Griffin is an African-American female and Smotherman is an African-American male; both worked as custodians for KISD. In addition to their full-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41132

time custodial duties, the Plaintiffs previously performed bus-driving duties for KISD for which they received supplemental income. For the majority of their employment, they drove a morning bus route prior to the start of the school day, performed most of their custodial work during the school day, drove an afternoon bus route after the school day, and then returned to school to complete their custodial work for that day.

In 2011, in response to statewide budget cuts, KISD took various cost-cutting measures, including discharging six contract employees. The school board also authorized superintendent David Baxter to eliminate one of the five custodial positions. Baxter informed the board that he planned instead to (1) modify the custodial schedules in accordance with a consultant's prior recommendation that most custodial work be performed after the school day, and (2) consolidate or reassign bus routes. Baxter thus changed the Plaintiffs' schedules so that they would perform their custodial duties from 1:00 p.m. to 10:00 p.m. and relieved them of their bus-driving duties, effective for the 2011–2012 school year. Griffin's route was combined with an existing route driven by an employee who worked for KISD as a full-time bus driver. Smotherman's route was reassigned to an employee who worked for KISD as a teacher and substitute bus driver. Baxter also reassigned a route that had been driven by a white, female teacher, Jennifer Currie, to KISD's bus mechanic and head of transportation as part of his regularly scheduled eight-hour shift. In implementing these changes, KISD did not hire any new employees.

The Plaintiffs filed suit against KISD alleging that it eliminated their bus driving positions on the basis of their race in violation of Title VII and 42 U.S.C. § 1983.[1] KISD filed a motion for summary judgment, and a Magistrate

---

[1] The Plaintiffs also originally complained of disparate treatment in their custodial positions and asserted that Griffin was discriminated against because of her gender. However, on appeal, they take issue only with the district court's grant of summary judgment

No. 13-41132

Judge entered a report recommending that the District Judge grant the motion. The Plaintiffs filed objections to the report and recommendation, but the District Judge overruled the objections, adopted the report and recommendation, and entered summary judgment. Plaintiffs timely appealed.

II.

We review the district court's grant of summary judgment de novo, construing all facts and evidence in the light most favorable to the nonmovant. *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Because the Plaintiffs offer only circumstantial evidence of discrimination, their claims are analyzed through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Lawrence v. Univ. of Tex. Med. Branch*, 163 F.3d 309, 311 (5th Cir. 1999) (explaining that the *McDonnell Douglas* framework applies equally to Title VII and § 1983 claims). This analysis requires the Plaintiffs first to establish a prima facie case of discrimination by demonstrating, inter alia, that they were replaced by someone outside their protected class or were treated less favorably, under nearly identical circumstances, than other similarly situated employees outside their protected class.[2] *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Because the Plaintiffs do not satisfy this prong of the prima facie case, summary judgment was properly granted.

---

on their claims of race-based discrimination stemming from the elimination of their bus-driving duties.

[2] On appeal, the parties do not dispute that the Plaintiffs have satisfied the other three prongs of the prima facie case.

3

No. 13-41132

The Plaintiffs fail to offer evidence that they were "replaced" by someone outside of their protected class. We have held that an employee "has not been 'replaced' . . . when his former duties are distributed among other co-workers." *Rexses v. Goodyear Tire & Rubber Co.*, 401 F. App'x 866, 868 (5th Cir. 2010) (unpublished); *see also Dulin v. Dover Elevator Co.*, 139 F.3d 898, 1998 WL 127729, at *3 (5th Cir. 1998) (unpublished); *Barnes v. Gencorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990).[3] That same holding applies here. KISD did not hire anyone to replace the Plaintiffs. It instead distributed their bus-driving duties to other employees by combining Griffin's route with another employee's route and reassigning Smotherman's route to another employee.

Additionally, while the Plaintiffs also argue that they were treated less favorably because white bus drivers were allowed to retain their bus driving duties, they fail to point to "similarly situated" employees who were treated less favorably under "nearly identical circumstances," such as custodian–bus drivers or other bus drivers whose work schedule required them to work primarily after the school day. *Lee v. Kan. City S. Ry.*, 574 F.3d 253, 259–60 (5th Cir. 2009) (noting that employees are generally not similarly situated if they have different supervisors, different work responsibilities, or work for different divisions of a company). In addition, this unsubstantiated argument is contravened by the summary judgment evidence and the Plaintiffs' admission in their brief that Jennifer Currie—a white, female teacher—also was not allowed to retain her bus driving duties for the 2011–2012 school year. Like the Plaintiffs, her bus-driving duties were reassigned to a coworker.

AFFIRMED.

---

[3] Although *Rexses* and *Dulin* are not controlling precedent, we cite them for their persuasive authority and factual similarity. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).