# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2015

Lyle W. Cayce
Clerk

MOZAINA KOBAISY,

       Plaintiff - Appellant

v.

UNIVERSITY OF MISSISSIPPI; IKHLAS KHAN; LARRY WALKER; BEVERLY M. BUTTS; BARBARA L. WELLS,

       Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CV-151

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Mozaina Kobaisy (Kobaisy) appeals the district court's grant of summary judgment in favor of Defendants-Appellants on her Section 1983 claim.  We affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60651

# I

Kobaisy, a native of Syria and naturalized United States citizen, was formerly a research scientist at the National Center for Natural Products Research (Center) at the University of Mississippi (University). Two Defendants in this case, Dr. Larry Walker (Dr. Walker) and Dr. Ikhlas Kahn (Dr. Kahn), encouraged Kobaisy to apply for this position. Dr. Kahn recommended the University hire Kobaisy and was ultimately her direct reporting supervisor. Kobaisy was hired as a full-time, permanent, non-tenured staff member. One condition on Kobaisy's employment was that the Center continue to receive external funding for her position.

As part of her position, Kobaisy was required to perform "wet" laboratory work, such as isolating and purifying natural products. In January 2006, Kobaisy was injured by an explosion while performing an experiment, which resulted in her physical and mental impairment, including the loss of an eye. Kobaisy is now permanently partially disabled and can no longer do "wet" laboratory work. Kobaisy was placed on paid leave by the University.

The United States Department of Agriculture (USDA) and the Food and Drug Administration (FDA) financially support the Center with grants and contracts. FDA funds are generally awarded to further specific goals, while USDA funds generally support the Center's basic infrastructure. Kobaisy was formerly paid out of FDA and USDA funds, but after the accident, the University changed the source of funding for Kobaisy's position so she could be paid completely out of general USDA funds. Several co-workers donated their personal leave to support Kobaisy, including Dr. Kahn, who donated 160 hours. When her donated leave expired in August 2006, the University placed Kobaisy on leave without pay. Somehow, Kobaisy managed to remain on the employment roll as an employee for several years, although she did not return to work and did not receive financial support from the University. Kobaisy had

2

no further contact with Dr. Kahn or Dr. Walker from August 2006 to December 2010, when she requested to return to her former position. The University advised Kobaisy that her position was no longer available and denied her request.

Kobaisy then filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging discrimination under the Americans with Disabilities Act (ADA). The EEOC issued Kobaisy a right to sue letter, and she filed suit in federal district court, asserting violations of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the ADA, and a civil conspiracy claim under state law. The district court granted Defendants' motion to dismiss Kobaisy's money damages claim under § 1983 and the ADA because the University and its employees acting in their official capacities were entitled to sovereign immunity under the Eleventh Amendment. The court also found the individual defendants entitled to qualified immunity for acting in their individual capacities, dismissed the Title VII claim for national origin discrimination, and dismissed the state law conspiracy claim against Defendants in their official capacities.

No claims remained against the University, and the individual Defendants then filed a motion for summary judgment on Kobaisy's remaining claims: (1) injunctive relief to regain employment based on a § 1983 claim of national origin discrimination against each individual Defendant; and (2) state law civil conspiracy against individual Defendants in their individual capacities. The district court granted this motion,[1] and Kobaisy appealed.

---

[1] The district court dismissed the § 1983 claim on the merits and declined jurisdiction over the state law civil conspiracy claim as all federal claims had been dismissed before trial, dismissing the state law claim without prejudice. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601−02 (5th Cir. 2009).

No. 14-60651

## II

The only issue on appeal is whether the district court properly granted summary judgment on Kobaisy's claim for national origin discrimination by the individual Defendants for failing to reinstate Kobaisy. We review a grant of summary judgment de novo, applying the same standards as the district court. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Hernandez*, 670 F.3d at 650 (citation omitted). As the burden of production at trial would be on Kobaisy, "Defendants need only demonstrate an absence of evidentiary support in the record for her case." *Salcido v. Univ. of S. Miss.*, 557 F. App'x 289, 292 (5th Cir. 2014) (per curiam). We "may affirm a grant of summary judgment on any grounds supported by record and presented to the district court." *Id.* (alteration omitted) (citing *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008)).

Section 1983 claims against state officials for prospective injunctive relief under § 1983, such as Kobaisy's request for reinstatement, are not barred by sovereign immunity. *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008) ("[A] request for reinstatement is sufficient to bring a case within the *Ex parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law."); *Yul Chu v. Miss. State Univ.*, 901 F. Supp. 2d 761, 775 (N.D. Miss. 2012). Plaintiffs bringing § 1983 claims must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."

No. 14-60651

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc).

Employment discrimination claims brought under Section 1983 "are analyzed under the evidentiary framework applicable to claims arising under Title VII of the Civil Rights Act of 1964," *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999) (per curiam), and, in the absence of direct evidence of discrimination, we analyze the claim under the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Griffin v. Kennard Indep. Sch. Dist.*, 567 F. App'x 293, 294 (5th Cir. 2014) (per curiam). A prima facie case of discrimination requires the plaintiff to show: "(1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably because of h[er] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Once a prima facie case is established, "an inference of intentional discrimination is raised and the burden of production shifts to the employer, who must offer an alternative non-discriminatory explanation for the adverse employment action." *Id.* Once this reason is shown, the burden shifts back to the employee to raise a genuine dispute of material fact that the proffered reason is merely pretextual. *Id.* While the burden of production shifts, the ultimate burden of persuasion at all times remains with the employee. *See Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

## III

The district court first dismissed Kobaisy's claims against three of the individual Defendants—Dr. Walker, Beverly Butts, and Barbara Wells— because Kobaisy testified that she had no information that any of these

5

individuals discriminated against her based on her national origin.  Next, the district court determined even despite this admission, Kobaisy had no viable federal claims against any individual Defendant, and, as such, each were entitled to summary judgment.  The district court found that Kobaisy could not establish a prima facie case nor show that the proffered legitimate, non-discriminatory reasons for the failure to reinstate Kobaisy were pretextual.

Regarding the prima facie case, the district court noted Kobaisy was not qualified in 2010 for her job because she can no longer do "wet" laboratory work, and there was no position that would not require "wet" laboratory work available.[2]  The district court also found that Kobaisy suffered no adverse employment action because the funds for her position were no longer available and the work required by her position had been completed.  Next, the district court found Kobaisy could not identify a proper comparator because she could not point to a research scientist of differing national origin[3] on leave without pay for a number of years that received more favorable treatment than Kobaisy.  Kobaisy also did not identify a research scientist of differing national origin that replaced her in her former position or that was treated more favorably than Kobaisy in any manner.

The district court found the justifications for Kobaisy's termination—that Kobaisy could not perform the essential functions of a research assistant and the funds for Kobaisy's position were no longer available—to be legitimate, non-discriminatory reasons for the failure to reinstate Kobaisy.  Kobaisy could not show that these were pretextual.  Further justifying its holding, the district court found that the "same actor inference"—which infers a lack of

---

[2] The district court further stated that, while the University could be charged with a duty to accommodate Kobaisy under the ADA, that claim had been dismissed already for Kobaisy's failure to state a claim.

[3] Interestingly, Kobaisy does not argue that she suffered discrimination because she was Syrian, but rather because she was *not* Indian.

discrimination—was available to Dr. Kahn because he was the individual responsible for Kobaisy's initial hiring and subsequent failure to reinstate. *See Spears v. Patterson UTI Drilling Co.*, 337 F. App'x 416, 421–22 (5th Cir. 2009).

We agree with the district court on each point. Accordingly, we AFFIRM the district court's grant of summary judgment and adopt its reasoning in full.