# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41208

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2016

Lyle W. Cayce
Clerk

WOODROW J. JONES, SR.,

               Plaintiff - Appellant

v.

TEXAS JUVENILE JUSTICE DEPARTMENT, Interim Executive Director
(Linda Brooks),

               Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:14-CV-60

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Woodrow J. Jones, Sr. is a former employee of the Texas Juvenile Justice Department ("TJJD"). He alleges that TJJD unlawfully terminated him in retaliation for filing a grievance. He further alleges that TJJD did not follow its own internal procedures for handling employee complaints and treated white employees more favorably than black employees.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41208

Jones, appearing *pro se*, sued TJJD in federal court. Jones also named TJJD's interim executive director, Linda Brooke (the "Director"), as an additional defendant in her official capacity.[1] Jones raises claims under Title VII and 42 U.S.C. § 1983 against both Defendants. He seeks reinstatement, back and front pay, and other injunctive and monetary relief.

The district court[2] entered judgment in Defendants' favor on all of Jones's claims. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

I.

The district court dismissed Jones's Title VII claims because it concluded that Jones failed to timely file a formal EEOC charge. After reviewing the record, we agree that Jones's EEOC charge was untimely.[3] The district court therefore correctly dismissed Jones's Title VII claims.[4]

II.

Jones also raised a variety of claims pursuant to 42 U.S.C. § 1983. Specifically, he claims that Defendants violated his rights under 42 U.S.C. §

---

[1] The record indicates that Brooke is no longer the Director. Jones has not sued the Director in her individual capacity; he has sued her in her official capacity alone. As a result, Brooke's "successor is automatically substituted as a party." FED. R. CIV. P. 25(d).

We also note that the case caption misspells Brooke's name as "Brooks."

[2] The parties consented to proceed before a Magistrate Judge.

[3] *See Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) ("In a state that, like Texas, provides a state or local administrative mechanism to address complaints of employment discrimination, a title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged." (citing 42 U.S.C. § 2000e-5(e)(1))).

[4] *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476-77 (5th Cir. 1991) ("If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." (citing *McClinton v. Alabama By-Prods. Corp.*, 743 F.2d 1483, 1485 (11th Cir. 1984))).

2

No. 15-41208

1981,[5] the First Amendment, the Equal Protection Clause, and the Due Process Clause. The district court concluded that the Eleventh Amendment barred all of these claims.

We agree that the Eleventh Amendment bars all of Jones's claims against TJJD.[6] The district court therefore properly dismissed those claims.

However, the district court erred by concluding that the Eleventh Amendment bars all of Jones's claims against the Director. Notwithstanding the Eleventh Amendment, a plaintiff may sue "individual persons in their official capacities as agents of the state" in federal court if "the relief sought" is "declaratory or injunctive in nature and prospective in effect."[7] This exception to Eleventh Amendment immunity is known as the *Ex Parte Young*[8] doctrine, and it is "'based on the legal fiction that a sovereign state cannot authorize an agent to act unconstitutionally.'"[9]

"[A] request for reinstatement is sufficient to bring a case within the *Ex Parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law."[10] Thus, the Eleventh Amendment does not bar Jones's § 1983 claims against the

---

[5] *See Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 462 (5th Cir. 2001) ("Plaintiffs may also pursue a § 1983 cause of action against persons acting under color of state law in order to assert their substantive rights under § 1981.").

[6] *See Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (holding that the Eleventh Amendment generally deprives federal courts of "jurisdiction over suits against a state [or] a state agency"); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("[42 U.S.C.] § 1981 contains no congressional waiver of the state's eleventh amendment immunity.").

[7] *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (citing WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D §§ 4231-32 (1988)).

[8] 209 U.S. 123 (1908).

[9] *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013) (brackets omitted) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 129 (5th Cir. 2010)).

[10] *Nelson v. Univ. of Tex. at Dall.*, 535 F.3d 318, 324 (5th Cir. 2008). *Accord Kobaisy v. Univ. of Miss.*, 624 F. App'x 195, 198 (5th Cir. 2015) ("Section 1983 claims against state officials for prospective injunctive relief under § 1983 [sic], such as Kobaisy's request for reinstatement, are not barred by sovereign immunity.").

No. 15-41208

Director for reinstatement and other prospective injunctive relief. We therefore vacate the judgment to the extent the district court dismissed those claims against the Director in her official capacity.[11]

However, the Eleventh Amendment bars Jones from recovering back pay,[12] front pay,[13] or other monetary relief.[14] We therefore affirm the judgment to the extent Jones seeks those forms of relief.[15]

## III.

Jones also filed two discovery motions in the district court. The district court denied those motions as moot because it concluded that "additional factual discovery regarding the underlying facts of Jones's termination would not alter the court's analysis of whether the TJJD is entitled to Eleventh Amendment immunity." Jones challenges that order on appeal.

As explained above, the Eleventh Amendment does not bar all of Jones's claims against the Director. Thus, Jones's discovery motions may no

---

[11] On remand, the district court may consider whether Jones's complaint otherwise states a claim against the Director on which relief can be granted. We express no view on that issue.

[12] *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004) ("[T]he claims for back pay . . . are barred by the Eleventh Amendment.").

[13] *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996) ("Plaintiffs' request for 'front pay' does not . . . fall within the boundaries of permissible relief defined by *Ex Parte Young* and we therefore affirm the district court's holding that these claims are barred by the Eleventh Amendment.").

[14] *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

[15] That said, Jones may be able to recover fees and costs if he ultimately obtains prospective injunctive relief. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Claims for fees associated with prospective relief and fees that may be awarded as costs are not barred by the Eleventh Amendment." (citing *Hutto v. Finney*, 437 U.S. 678, 692 (1978))).

No. 15-41208

longer be moot.[16] We therefore vacate the district court's order denying Jones's discovery motions.

## IV.

We deny Jones's motions to sanction Defendants and strike their appellate brief.

## V.

In sum, we vacate the judgment to the extent the district court dismissed Jones's § 1983 claims for reinstatement and other prospective injunctive relief against the Director in her official capacity. We also vacate the district court's order denying Jones's discovery motions as moot. We affirm the judgment in all other respects. We remand for further proceedings consistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED. The motion for sanctions is DENIED. The motion to strike is DENIED.

---

[16] We express no view on that issue, which we leave to the district court to decide in the first instance.