UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60116
Summary Calendar
_____

GEORGE E. DULIN,

                                        Plaintiff-Appellant,

                    versus

DOVER ELEVATOR COMPANY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:96-CV-15-B-A)
_____

March 2, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        Plaintiff-appellant George Dulin brought suit against his

employer, Dover Elevator, claiming age discrimination under the Age

Discrimination in Employment Act 29 U.S.C. §621 *et. seq.* (ADEA).

---

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court granted Dover Elevator's motion for summary judgment. We affirm.

## I. FACTS

Appellant was employed by Dover Elevator as a Construction Superintendent II. His primary duty was to supervise construction crews within the company's Memphis, Tennessee, district. He was paid one of the highest salaries in the Memphis district.

On September 22, 1994, at the age of sixty, appellant was terminated. He had been employed by the appellee for twenty-seven years and had an exemplary record. Appellant claims that his termination was the result of age discrimination, because his position was not eliminated, but rather he was replaced by a younger person.

Appellee asserts that the Memphis district construction division began to lose substantial amounts of money in 1990 and that, as a result, various cost cutting measures were implemented. Appellee asserts that after projecting further losses in 1994, it eliminated appellant's supervisory position and divided his duties among two other existing employees. District manager Ken Dover and the New Equipment Sales Manager, George Robbins, both took some of appellant's former duties, but without promotion or a pay raise. Appellee maintains that there has been no Construction

Superintendent II in the Memphis district since the appellant was terminated in 1994.

## II. DISCUSSION

A. Standard of Review

This court reviews a grant of summary judgment *de novo*. *See Brown v. CSC Logic, Inc.*, 82 F.3d. 651, 653 (5th Cir. 1996). It may affirm the district court's grant of summary judgment on any ground raised in the district court and upon which both parties had the opportunity to present evidence. *See id*. at 653-54. Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To find that no genuine issue of material fact exists, the court must determine that no reasonable trier of fact could find for the nonmovant. *See Matsushita Elec. Indus. v. Smith Radio Corp.*, 475 U.S. 574, 587 (1986). In making that determination, the court must draw all justifiable inferences in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

B. The Parties' Evidentiary Burden

3

The ADEA makes it unlawful to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The parties' evidentiary burdens are well established. *See Brown*, 82 F.3d. at 654. The plaintiff must first establish a prima facie case of employment discrimination by a preponderance of the evidence, which creates a rebuttable presumption. *See Bodenheimer v. PPG Indus.*, Inc., 5 F.3d 955, 957 (5th Cir. 1993). To rebut this presumption, the defendant must articulate a legitimate, non-discriminatory reason for the adverse employment action taken. *See Texas Dep't. Of Community Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981). If the employer is able to present such evidence, the presumption dissolves, and the burden of production shifts back to the plaintiff to present probative evidence that the employer's stated reason was not the true reason for the action taken, but rather a pretext for age discrimination. *See Bodenheimer*, 5 F.3d at 957-58.

C.  The Prima Facie Case

Four elements make up a prima facie case under the ADEA. The plaintiff must prove that: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class; and (4) he was replaced by someone outside the protected class,

4

someone younger, or was otherwise discharged because of his age. *See Bodenheimer*, 5 F.3d at 957.

The appellee has conceded, and the district court agreed, that the appellant has established the first three elements of his prima facie case. The district court found that appellant had not established the fourth element, agreeing with the appellee that appellant's position had been eliminated and his duties divided among other employees. On appeal, appellant contends that he established the fourth element, by showing that he was replaced by someone outside the protected class. We agree with the district court and the appellee that appellant has failed to raise an issue of material fact surrounding the fourth element .

The evidence presented by the appellant is insufficient to establish the fourth element of his prima facie case. Appellant has failed to show by a preponderance of the evidence that he was replaced by someone outside the protected class or by someone younger, or that he was otherwise discharged because of age. The evidence that the appellant offers to prove this element serves only to support the contention of the appellee that the appellant's position was eliminated and that the duties of construction superintendent were taken up by two existing employees, Ken Donner and George Robbins. First, the personnel record of George Robbins states that the responsibilities of construction superintendent were added to his duties after appellant was fired. Second, the

memo to George Robbins of February 7, 1996, refers to his *sales and construction* supervisory duties. Third, the affidavits of Larry Wilson, Shelby County Code Enforcement Officer, Curt Wilson, business representative of the International Union of Elevator Constructors, Billy Keith Wilson, employee of Dover Elevator Company and Mark Ward, Director of Operations and Maintenance for St. Jude Hospital in Memphis, Tennessee, stating that George Robbins (and later Bill Batts) began performing the duties once performed by George Dulin support Dover Elevator's assertion that other employees took over appellant's former duties.[1]

Appellant cites several cases in support of his argument that he was replaced. First, appellant cites *Gallo v. Prudential Residential Serv. LTD. Partnership*, 22 F.3d 1219 (2nd Cir. 1994). In *Gallo*, unlike the present case, the employer's policy and procedure manual required that Gallo be considered for a transfer.[2] Additionally, the employer refused to consider Gallo when she applied for the new position it created by resurrecting Gallo's former position and, instead, hired a much younger new employee.

---

[1] Appellant also points to the 1995 and 1996 editions of a publication entitled *Who's Who in Memphis and Midsouth Business*, which lists George Robbins as the Construction Superintendent for Dover Elevator. This document has not been authenticated and was not addressed by the district court.

[2] A similar situation existed in *Rottersman v. CBS, Inc.*, 726 F.Supp 484 (S.D.N.Y., 1989), also cited in the appellant's brief. Again, in that case the employer's company manual required an attempt to place the terminated employee in another position. No such company policy exists in the present case.

Here, Dover Elevator did not hire a new employee to take appellant's place.

Second, appellant cites *Moody v. Pepsi Cola Metro. Bottling Co.,* 915 F.2d 201 (6th Cir. 1990). In this case, the employer's stated reason for termination was a reduction in force, but after plaintiff's termination the employer had only one less employee than before. Later the employer tried to claim that Moody had been discharged for poor work performance. Here, appellant was told that it was only his job that was being eliminated and appellee has never claimed otherwise.

In contrast to the cases cited by appellant, applicable case law holds that when an employee's position has been eliminated and the job duties reassigned to existing employees, that employee has not been replaced. *See Smith v. F.W. Morse & Co.,* 76 F.3d 413, 423 (1st Cir. 1996) (finding that a position elimination defense is not defeated merely because another employee, already on the payroll, is designated to carry out some or all of the discharged employee's duties in addition to his own, or because those duties are otherwise reallocated within the existing work force); *Barnes v. GenCorp., Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990) (finding that a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to their other duties, or when the work is redistributed among other existing employees already performing related work).

7

This court agreed with the basic reasoning of the First and Sixth Circuits in *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144 (5th Cir. 1995). In *Armendariz*, the appellant's sales job covering specific territory was eliminated. Part of the territory was given to another salesperson while the remaining territory was taken over by an independent broker. This court found that the employer had properly characterized the appellant's termination as a "reduction in force" or "job elimination." *See id*. at 150.

In the alternative, to prove the fourth element of his prima facie case for age discrimination, the appellant may offer evidence to prove that he was otherwise discharged because of age.[3] The district court found that the only evidence that appellant could offer to prove he was discharged because of age was his own subjective belief.[4]

---

[3] In his brief, appellant does not draw a distinction between the alternative arguments to establish his prima facie case.

[4] In his brief, appellant raises such fact issues as whether appellee suffered overall financial loses in 1994-96 and that he was not offered a lateral transfer to another position. These points would be better argued in an attempt to show that appellee's stated reasons for appellant's termination were not the true reasons, but a pretext for age discrimination. At any rate, the evidence on record shows that Dover Elevator did suffer losses in the construction division in 1994-96. Further, appellant has offered no proof that Dover Elevator was required by its company policies and procedures to offer appellant a transfer or that any such positions were available and that a transfer was requested by appellant.

Because we find that the appellant has failed to establish the fourth element of his prime facie case, it is not necessary to proceed further in our analysis.

### III. CONCLUSION

Because plaintiff-appellant has failed to establish his prima facie case for age discrimination, we affirm.

AFFIRMED.