# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2010

Lyle W. Cayce
Clerk

No. 10-60550
Summary Calendar

MILTON ATTERBERRY, JR.,

Plaintiff-Appellant,

versus

CITY OF LAUREL,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CV-172

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The City of Laurel laid off Milton Atterberry and Larry Adams and rehired

Adams for a new position with a higher pay grade. Atterberry claims the city ra-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60550

cially discriminated against him in rehiring Adams over him. Because Atterberry was not as qualified as Adams, we affirm.

## I.

In 2007, Atterberry applied for the position of field inspector, a Grade 13 position. Although passing the civil service exam was a requirement, and Atterberry had failed the exam, the city made an exception because of his work experience and hired him as a field inspector in October 2007.

In September 2008, because of budget cuts, the city eliminated two field inspector positions. According to the city's seniority-based system, those with the least seniority were cut first. The most recent hires for the position were Atterberry and Adams, who had been a field inspector since March 2007.

The following day, the city informed Atterberry that his position would be eliminated, and it offered him a Grade 7, temporary three-month position as a traffic maintenance technician. Because Atterberry had failed the civil service exam, that was the only position available with the city for which Atterberry was qualified. Atterberry rejected the offer and was placed on administrative leave.

Five days later, the city council created a Grade 15 safety coordinator position, eligible only to those who had passed the exam. Adams, who had not yet been notified that his position as a field inspector would be eliminated, applied for the safety coordinator position and was ultimately hired.

## II.

Atterberry filed a racial discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was similarly situated to Adams and was treated differently. After an investigation, the EEOC dismissed the charge, whereupon Atterberry sued.

No. 10-60550

III.

We review a summary judgment *de novo*. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* To survive summary judgment on a discrimination claim, an employee must therefore show a genuine issue of material fact as to whether the employer discriminated against him. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001).

Title VII prohibits an employer from "discharging an individual, or otherwise discriminating against any individual . . . because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To make a *prima facie* case of racial discrimination in hiring, the employee must show (1) membership in a protected class, (2) that he was qualified and applied for the position, (3) that he was subject to an adverse employment action, and (4) that he was treated less favorably than a similarly situated employee of a difference race. *Okoye*, 245 F.3d at 512-13.[1] Atterberry claims he was racially discriminated against because he was not hired for the safety coordinator position but Adams was. Because Atterberry was not similarly situated to Adams, we affirm.[2]

Whether two employees are similarly situated turns not on whether their situations are "similar" but on whether they are "nearly identical." *Williams v.*

---

[1] Atterberry argues we should follow *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 493-94 (D.C. Cir. 2008), which reasoned that once an employer has asserted a legitimate, non-discriminatory reason for its decision, the district court should not decide whether the plaintiff made out a *prima facie* case, but instead should proceed immediately to decide whether a reasonable jury could find that the employer intentionally discriminated. Whatever the merits of *Brady* may be, our rule of orderliness requires that we follow our own precedent. *Teague v. City of Flower Mound*, 179 F.3d 377, 383 (5th Cir. 1999). Regardless, Atterberry would fail to show he was intentionally discriminated against for the same reasons he fails to make out a *prima facie* case.

[2] We therefore need not address Atterberry's arguments that he was qualified for the position and that the requirement that he apply for the position should be waived.

No. 10-60550

*Trader Publ'g Co.*, 218 F.3d 481, 484 (5th Cir. 2000).  Adams and Atterberry's qualifications were not nearly identical.  Atterberry does not contest that he failed the civil service exam and that passage was a requirement for safety coordinator.  Nor does he contest that Adams passed the exam.  In addition, Adams had a year and a half of experience as a field inspector, Atterberry less than a year.  Even assuming without deciding that Atterberry was qualified for safety coordinator and that the difference in experience between Atterberry and Adams was trivial, Atterberry has not shown that his situation is nearly identical to that of someone who passed the required exam.

AFFIRMED.