# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2012

No. 11-60525
Summary Calendar

Lyle W. Cayce
Clerk

SHIRA STALLWORTH,

Plaintiff-Appellant

v.

SINGING RIVER HEALTH SYSTEM,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-123

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Shira Stallworth filed the instant suit pursuant to Title VII of the Civil
Rights Act and 42 U.S.C. § 1983, alleging that her former employer, Singing
River Health System (Singing River), discriminated against her on the basis of
her religion, subjected her to a hostile work environment, and retaliated against
her. She also alleged a state law claim of intentional infliction of emotional
distress. According to her complaint, she was hired by Singing River on
February 22, 2009, as a nursing assistant; was criticized and harassed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

coworkers regarding her use of her lunch breaks to pray; informed her floor manager on March 29, 2009, of that criticism and harassment; requested and was denied additional training shortly after making the informal complaint to her manager; and was suspended with a recommendation for discharge on May 1, 2009, on the ground that she was not the "right candidate" for the position and for insubordination.

Singing River moved for summary judgment, asserting, among other things, that Stallworth was terminated on May 6, 2009, for legitimate, nondiscriminatory reasons: her failure to follow nurses' instructions regarding patient care and insubordination based on her attempt to circumvent her floor manager's denial of additional training by contacting another individual to obtain the training. The district court granted Singing River's motion for summary judgment and dismissed Stallworth's complaint with prejudice.

Proceeding pro se, Stallworth appeals the district court's decision and moves for leave to proceed in forma pauperis (IFP). She qualifies economically to proceed IFP in this appeal, and her motion is granted. However, we dispense with further briefing and, for the reasons below, affirm the district court's judgment.

We review the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must demonstrate the absence of a genuine issue of material fact, but it does not need to negate the elements of the nonmovant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the moving party meets this initial burden, then the burden shifts to the nonmovant to set forth specific evidence to support her claims. *Id.* The nonmovant's burden is not satisfied through a mere showing of "some metaphysical doubt as to the material facts" or by

"conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Id.* (internal quotation marks and citation omitted). All facts and inferences are construed in the light most favorable to nonmoving party. *Dillon*, 596 F.3d at 266.

Because Stallworth has not briefed any argument concerning the district court's denial of her claims based on a theory of failure to accommodate or hostile work environment, she has waived any challenge to the denial of such claims. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007). Stallworth also does not contend that her case involved a mixed-motive theory of discrimination or otherwise challenge whether the district court applied the correct framework when it analyzed her claims of disparate treatment and retaliation under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under that framework, (1) the plaintiff must first establish a prima facie case of discrimination; (2) if such a showing is made, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action; and (3) if the defendant satisfies that requirement, then the burden shifts back to the plaintiff to show that the articulated reason was merely a pretext for discrimination. *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010); *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 399, 401-02 (5th Cir. 2000).

Regarding her claim of disparate treatment, the district court determined that Stallworth failed to make a prima facie showing of discrimination. Stallworth urges us to follow *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 493-94 (D.C. Cir. 2008), and pretermit the issue whether she has made the requisite prima facie showing given that Singing River has offered legitimate, nondiscriminatory reasons for the challenged employment actions. She cites no precedent in this circuit for following *Brady*, and we decline to do so. *See Atterberry v. City of Laurel*, 401 F. App'x 869, 871 n.1 (5th Cir. 2010). Furthermore, her conclusory assertion that the "[d]istrict court erred in not

requiring [her] vital witnesses to counterattack Defendant's arguments" is unavailing as a challenge to the district court's decision.

Her challenge to the district court's determination that she failed to establish pretext as to both her claims of disparate treatment and retaliation is also unavailing. To establish pretext, Stallworth was required to show that Singing River's proffered reasons were "false" or "unworthy of credence." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (internal quotation marks and citation omitted). Her subjective belief that her actions did not constitute insubordination is insufficient to create an inference of discriminatory intent by Singing River, and she has failed to rebut Singing River's proffered nondiscriminatory reasons for its challenged employment decisions. *See Jackson*, 619 F.3d at 467-68; *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 654 (5th Cir. 2004); *Rubinstein*, 218 F.3d at 400-01. Thus, she has not shown error in the district court's award of summary judgment in favor of Singing River regarding her claims under Title VII.

Our analysis of Stallworth's claims regarding disparate treatment and retaliation under Title VII applies with equal force to her claims of employment discrimination under § 1983. *See Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007); *Bunch v. Bullard*, 795 F.2d 384, 387 n.1 (5th Cir. 1986). Thus, based on our foregoing discussion of Stallworth's Title VII claims, we also affirm the district court's dismissal of Stallworth's claims under § 1983. *See Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993) (recognizing that we may affirm on any ground supported by the record).

Regarding her state law claim of intentional infliction of emotional distress, Stallworth asserts that she satisfied the requisite state law standards because Singing River's actions were "extreme and outrageous" in that they amounted to "a termination based on religious practices and retaliation for complaints regarding those practices." This bare assertion is conclusory and

fails to establish error in the district court's award of summary judgment as to the claim.

MOTION GRANTED; AFFIRMED.