**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2449**

MONTE DEXTER PEPPER,

             Plaintiff - Appellant,

        v.

PRECISION VALVE CORPORATION,

             Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Mary G. Lewis, District Judge.
(6:10-cv-02532-MGL)

Submitted:  May 31, 2013              Decided:  June 7, 2013

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Melvin Hutson, MELVIN HUTSON, P.A., Greenville, South Carolina,
for Appellant.  Reginald W. Belcher, TURNER PADGET GRAHAM &
LANEY, PA, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monte Dexter Pepper appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment in favor of Precision Valve Corporation on Pepper's discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e-2000e-17 (West 2012). We affirm.

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences in the light most favorable to the nonmoving party. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Because Pepper did not produce direct evidence that racial discrimination motivated Precision Valve's adverse actions against him, we analyze his claims under the burden-

shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc). Under the McDonnell Douglas framework, an employee is first required to establish a prima facie case of discrimination, showing that (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he suffered this adverse action despite performing his job in accordance with the employer's legitimate expectations; and (4) the circumstances gave rise to an inference of unlawful discrimination.[*] Adams v. Trs. of the Univ. of N.C.– Wilmington, 640 F.3d 550, 558 (4th Cir. 2011). If the employee makes this showing, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Hill, 354 F.3d at 285. If the employer provides evidence of a nondiscriminatory reason for its action, the presumption of discrimination is rebutted, and the employee, who bears the ultimate burden of persuasion, must show by a

---

[*] We decline Pepper's invitation to adopt the holding of Brady v. Office of Sergeant at Arms, 520 F.3d 490, 493-94 (D.C. Cir. 2008). See Stallworth v. Singing River Health Sys., 469 F. App'x 369, 372 (5th Cir. 2012) (unpublished) (declining to adopt Brady); Hinds v. Sprint/United Mgmt. Co., 523 F.3d 1187, 1202 n.12 (10th Cir. 2008) (declining to adopt Brady and "reserv[ing] the right to undertake each step of the Supreme Court's McDonnell Douglas framework in analyzing discrimination and retaliation claims on summary judgment").

preponderance of evidence that the proffered reason was a pretext for discrimination. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 143, 146-49 (2000).

Here, Precision Valve provided ample evidence demonstrating that Pepper failed to meet its legitimate expectations, including documentation showing that Pepper received multiple warnings for producing defective parts, unexcused absences, tardiness, improperly clocking in or out, and not being at his machine at the beginning of his shift. Pepper argues on appeal that Precision Valve cannot logically claim that his performance was unsatisfactory prior to his termination because Precision Valve continued to employ him for a time after recognizing deficiencies in his performance. We find this argument unpersuasive. Because Pepper's self-serving statements regarding his job performance are insufficient to show that he met Precision Valve's legitimate performance expectations, <u>see</u> <u>King v. Rumsfeld</u>, 328 F.3d 145, 149-50 (4th Cir. 2003), we conclude that he cannot make a prima facie showing of discrimination. Accordingly, we hold that the district court did not err in granting summary judgment on Pepper's racial discrimination claims.

Pepper next argues that the district court erred in granting Precision Valve's motion for summary judgment on his retaliation claims. To establish a prima facie case of

4

retaliation, Pepper "must prove that (1) []he engaged in a protected activity, (2) the employer acted adversely against [him], and (3) there was a causal connection between the protected activity and the asserted adverse action." Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011). Pepper argues that the district court erred in determining that the gap of ten months between the filing of his lawsuit and his termination was too long to establish causation between the two. Pepper contends that his protected activity was not his filing of the lawsuit but, rather, his continuing pursuit of the lawsuit, and, thus, that there was sufficient temporal proximity to establish causation. He identifies no authority for this contention.

We conclude that Pepper's protected activity was the filing of his lawsuit against Precision Valve. "[A] causal connection for purposes of demonstrating a prima facie case exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004). Generally, however, the passage of time alone cannot provide proof of causation unless the "temporal proximity between an employer's knowledge of protected activity and an adverse employment action" was "very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam)

5

(internal quotation marks omitted). Because Pepper was terminated ten months after he filed his lawsuit against Precision Valve, we conclude that Pepper cannot establish a causal connection between his filing of the lawsuit and his termination. See id. (suggesting that three-to-four-month gap was insufficient to prove causal connection). Accordingly, we hold that the district court did not err in granting summary judgment on Pepper's retaliation claims.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED