# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2023

Lyle W. Cayce
Clerk

No. 22-50218

Windermere Oaks Water Supply Corporation; Dana
Martin; William Earnest; Thomas Michael Madden;
Robert Mebane; Patrick Mulligan; Joe Gimenez; David
Bertino; Mike Nelson; Dorothy Taylor; Norman Morse,

*Plaintiffs—Appellees*,

*versus*

Allied World Specialty Insurance Company,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-258

_____

Before Ho, Oldham, and Douglas, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

This insurance dispute turns on a simple principle of law: A claim for breach of fiduciary duty is not a claim for breach of contract, and is therefore not subject to exclusion from coverage under a contractual liability exclusion. That's what the district court found here in granting summary judgment in favor of the insured. We accordingly affirm.

**I.**

Allied World Specialty Insurance Company issued a WaterPlus Package Insurance Policy to the Windermere Oaks Water Supply Corporation. That policy includes coverage for Public Officials and Management Liability. But it also includes various exclusions from coverage.

At issue in this appeal is the exclusion for contractual liability. That provision states that coverage excludes:

> "[d]amages," "defense expenses," costs or loss based upon, attributed to, arising out of, in consequence of, or in any way related to any contract or agreement to which the insured is a party or a third-party beneficiary, including, but not limited to, any representations made in anticipation of a contract or any interference with the performance of a contract.

Three individual members and partial owners of Windermere brought a suit (the "Underlying Suit") against it, its various officials, and relevant others. This suit alleges that Windermere sold a valuable tract of land at Spicewood Airport to a commercial entity controlled by Windermere board member Dana Martin "for pennies on the dollar." Because of this sale—as well as a subsequent settlement that "left the . . . fire sale transaction largely intact and gave Martin even more valuable W[indermere] property for no consideration"—the suit contends that Windermere's losses have exceeded $1,000,000, resulting in rate hikes and fee increases. In doing so, the suit claims that Windermere "exceeded its powers" and the board of directors "exceeded their authority and breached their duties," specifically alleging various ultra vires acts committed in violation of Section 20.002(c) of the Texas Business Organizations Code. These included: the unauthorized conveyance of property; improper use of the cooperative's assets; improper

disbursement of the cooperative's assets to benefit the directors; and failure to recover loss, as well as for breach of fiduciary duty.

Plaintiffs in this case subsequently brought suit against Allied World for its failure to defend them in the Underlying Lawsuit. After both sides sought summary judgment on the issue of the duty to defend, the district court granted Plaintiffs' motion and denied Allied World's motion. Allied World subsequently sought entry of judgment under Federal Rule of Civil Procedure 54(b), which the district court granted. Allied World then filed its timely notice of appeal.[1]

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We review a grant of summary judgment de novo. *Bradley v. Viking Ins. Co. of Wis.*, 56 F.4th 1011, 1014 (5th Cir. 2023). *See also L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 109 (5th Cir. 1994) ("We review *de novo* questions involving the construction or interpretation of contracts.").

## III.

### A.

"In a diversity case involving the interpretation of a contract, we apply the substantive law of the forum state." *McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013). "Under Texas law, insurance policies are interpreted in accordance with the rules of

---

[1] Allied World argued before the district court that two other exclusions applied—those for criminal acts and for violation of law. The district court rejected these arguments, and Allied World does not raise them on appeal.

construction that apply to all contracts generally." *Sharp v. State Farm Fire & Cas. Ins. Co.*, 115 F.3d 1258, 1260 (5th Cir. 1997) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)).

"The insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy." *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998). "In construing a contract, a court's primary concern is to ascertain the intentions of the parties as expressed in the instrument." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 514 (Tex. 2014). "As with any other contract, the parties' intent is governed by what they said." *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 746 (Tex. 2006). *See also Gilbert Texas Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010) ("[W]e look at the language of the policy because we presume parties intend what the words of their contract say.").

Under Texas's so-called "eight-corners rule, the insurer's duty to defend is determined by comparing the allegations in the plaintiff's [complaint] to the policy provisions, without regard to the truth or falsity of those allegations and without reference to facts otherwise known or ultimately proven." *Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 199 (Tex. 2022). When applying the rule, "we give the allegations in the [complaint] a liberal interpretation." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). "[I]n case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in insured's favor." *Id.* (quotations omitted).

Or as this court has previously summed it up: "When in doubt, defend." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008).

## B.

Allied World contends that the district court was wrong to decline to apply the contractual liability exclusion to this case—and that the Underlying Lawsuit is indeed "based upon, attributed to, arising out of, in consequence of, or in any way related to [the] contract or agreement."

But the Underlying Lawsuit is not a suit for breach of contract. As Plaintiffs rightly point out, "the focus of the Underlying Lawsuit is, in fact, on the purported breach by . . . Plaintiffs of [their] fiduciary duties, by way of ultra vires acts and other misdeeds that gave rise to harm without regard to the ultimate contract." These are claims that are "established at law"—not by contract—and "that could stand alone even if no contract ever existed." *See, e.g., Ewing Const. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 37 (Tex. 2014) (holding that a contractual liability exclusion did not apply to a claim based on a common-law duty to perform work with care and skill). The district court did not err in declining to apply the contractual exclusion.

## IV.

Under the Texas Prompt Payment of Claims Act, Tex. Ins. Code § 542.060, an insurer's breach of the duty to defend constitutes a per se violation. *See, e.g., Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 652 (Tex. 2009). Allied World's only arguments rely on the application of the contractual exclusion. We therefore agree with Plaintiffs and the district court that Allied World is liable under the Act. We affirm.