# United States Court of Appeals for the Fifth Circuit

———————

No. 23-20441

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2024

Lyle W. Cayce
Clerk

Fernando Yates,

*Plaintiff—Appellant*,

*versus*

Spring Independent School District,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2121

———————————————————————

Before Wiener, Haynes, and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Plaintiff-Appellant Fernando Yates—a math teacher in his late sixties—alleges that the Spring Independent School District ("Spring ISD") discriminated and retaliated against him in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; and the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. §§ 12101 *et seq.*; and defamed him under Texas law. Because summary judgment on all claims was warranted, we AFFIRM.

No. 23-20441

## I.

We set forth below the factual and procedural background of this appeal.

## A.

Yates began working at Spring ISD's Spring Leadership Academy during the 2021–2022 school year as one of two eighth-grade math teachers. A few weeks into the school year, Spring ISD placed Yates on a "support plan" based on alleged concerns with his performance and preparation. The plan required Yates to, among other measures, have coaching sessions with other educators at least three times a week; observe another teacher modeling the first-period lesson daily; and receive regular walkthroughs from the instructional leadership team. Yates received support in the form of training, lesson planning assistance, feedback, and curriculum guidance.

Shortly thereafter, the other eighth-grade math teacher resigned, and Spring ISD combined the two eighth-grade math classes and assigned a different teacher as the lead teacher. Around this same time, Spring ISD placed Yates on a second support plan, which required him to observe other teachers daily, complete observation notes and practice activities, and undergo daily coaching sessions with other educators. This plan additionally entailed "moving Mr. Yates to provide 'push-in' services for the classroom of the 6th grade math teacher." In this "push-in" role, Yates was no longer a lead teacher responsible for his own classroom but was instead located inside the sixth-grade math teacher's classroom working with some of that teacher's students. Spring ISD describes Yates's role as "work[ing] with smaller groups of students to deliver targeted instruction designed to help those students catch up to their peers." Yates describes this role as effectively a long-term substitute position, where he was frequently called out of the classroom

2

to monitor metal detectors and restrooms or to cover for other teachers' classrooms.

Yates served in this role for a few weeks, until the seventh-grade math teacher resigned. Spring ISD initially assigned Yates to fill that teacher's position but then replaced him soon after with Melissa Lugo, a Hispanic woman in her twenties who was "straight out of teach[er] college." Yates was sixty-seven years old at the time. In his testimony, Spring Leadership Academy Principal Kevin Banks stated that, based on his walkthrough evaluations of Yates in October 2021, he still had ongoing concerns about Yates's performance, and determined that a stronger teacher was needed for the seventh-grade class moving forward. So, Spring ISD moved Yates back to the sixth-grade "push-in" position, which he occupied for about two months.

In March 2022, after a dispute between Yates and the sixth-grade math teacher, Spring ISD assigned Yates to "report to the [school's] Media Center . . . while [it] developed a new support/intervention plan for him to continue doing push-in support." Yates began a new role providing support for three eighth-grade math students, whom he instructed separately in the library. Spring ISD also placed Yates on a new support plan that required him to undergo 45-minute planning and 45-minute professional development sessions each day, review a series of videos and other resources, and submit lesson plans and other materials to Spring ISD for review. On March 11, 2022, Yates sent an email to Spring ISD Assistant Superintendent Michelle Starr in which he complained, for the first time, that "Principal Dr. Banks and Assistant Principal Mr. McAfee continue discriminating against me." Shortly thereafter, on March 18, 2022, Yates filed a Charge of Discrimination with the EEOC, alleging that he faced discrimination and retaliation on

account of his race, national origin, color, age and disability under Title VII, the ADEA, and the ADA.[1]

Yates requested to transfer to another school and began working at Bailey Middle School, also in Spring ISD, for the 2022–2023 school year. Once at Bailey Middle School, Principal Shundra Brown also noticed that Yates exhibited issues related to planning and classroom organization. Associate Principal Dr. Leonard Brown noted some of these concerns in an email exchange with Yates on August 25, 2022. In response to those emails, on August 28, 2022, Yates emailed Spring ISD Superintendent Lupita Hinojosa and accused Principal Brown of retaliating against him because of his pending lawsuit against Spring ISD. Principal Brown, however, testified that she had no actual knowledge of Yates's EEOC complaint or his pending lawsuit against Spring ISD at the time Yates transferred to Bailey Middle School, and did not learn about it until Yates's August 28, 2022 email.

In October 2022, Spring ISD received complaints from three students and one parent that Yates was yelling at students and not allowing them to use the restroom or visit the nurse's office during class. Spring ISD provided the facts of the allegations, without the name or identifying information of the accused teacher, to Pam Farinas, the Spring ISD Assistant Superintendent for Human Capital. Farinas recommended that the teacher be placed on leave pending an investigation into the allegations, so that any students interviewed would not feel pressured by a teacher who was still in the classroom—a "common practice in [Spring ISD]."

_____

[1] The EEOC has filed an amicus brief in support of Yates and in favor of reversal in this appeal because it "has a substantial interest in ensuring the proper application of the laws it enforces."

No. 23-20441

Spring ISD placed Yates on paid administrative leave for roughly four months while it conducted an investigation. Under the terms of this administrative leave, Yates could not visit his school or any Spring ISD facility; participate in any Spring ISD activities; or have any contact with students, parents, or colleagues. Spring ISD ultimately cleared Yates to return to work following the investigation. Yates still works at Bailey Middle School.

**B.**

On June 29, 2022, Yates filed a complaint alleging that Spring ISD discriminated and retaliated against him in violation of the ADEA, Title VII, and the ADA by reassigning him to the "push-in" position, putting him on support plans, and placing him on administrative leave for four months.[2]

On August 31, 2023, the district court granted Spring ISD's motion for summary judgment. The court rejected Yates's discrimination claims on the ground that none of the employment actions Yates challenged amounted to actionable discrimination. It reached this conclusion by erroneously relying on this court's former "ultimate employment decision" standard for Title VII discrimination claims, even though, thirteen days prior, this court had issued its en banc decision in *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023) (en banc), which abandoned this standard.

Applying the wrong (pre-*Hamilton*) standard, the district court first found Yates's reassignment not actionable because it did not amount to an "ultimate employment decision[] such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559

---

[2] The case below was also consolidated with C.A. No. 4:22-cv-03770, which contained a single defamation claim that the court addressed in its summary-judgment ruling. However, even when "liberally construed," Yates's opening brief fails to address his state-law defamation claim, so he has forfeited it. *Coleman v. United States*, 912 F.3d 824, 829 n.5 (5th Cir. 2019).

(5th Cir. 2007) (per curiam), *abrogated by Hamilton*, 79 F.4th 494.  Second, with respect to the support plans imposed on Yates, the court concluded that an "employer's decision to place an employee on a performance improvement plan is not an adverse employment action," quoting a pre-*Hamilton* decision that applied the "ultimate employment decision" standard.  *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019), *abrogated by Hamilton*, 79 F.4th 494.  Third, with respect to Yates's four-month administrative leave period, the court held that placing a plaintiff "on paid leave—whether administrative or sick—[is] not an adverse employment action," again quoting a pre-*Hamilton* decision that applied the "ultimate employment decision" standard.  *McCoy*, 492 F.3d at 559.

The district court also rejected Yates's ADEA discrimination claim on the separate ground that he failed to "make out a *prima facie* case of age discrimination."  In reaching this conclusion, the court recited the elements required for a prima facie case of ADEA *retaliation*.  The court then found that Yates failed to satisfy the "causal connection" element of this test regarding his reassignment from the seventh-grade math teacher position to the "push-in" position because he established only that his replacement "was younger in age (in her 20's)" and adduced no evidence of "age-related statements" or of "a pattern or practice of hiring younger applicants."  The court thus held that Yates could not establish a prima facie case of age discrimination.  Nonetheless, the court conducted a *McDonnell Douglas*[3] analysis as an alternative ground for granting Spring ISD's motion for summary judgment.  The court determined that Spring ISD offered legitimate, nondiscriminatory reasons for its actions, and that Yates failed to

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

offer competent summary-judgement evidence to show that the reasons offered were a pretext for race, age, or disability discrimination.

The court acknowledged that Yates brought a retaliation claim, but did not explicitly discuss this claim. Instead, it applied the ADEA *retaliation* standard in its ADEA *discrimination* analysis, thereby effectively (if unintentionally) conducting a retaliation analysis. Yates timely filed a notice of appeal.

## II.

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and we review a summary judgment de novo. *Windermere Oaks Water Supply Corp. v. Allied World Specialty Ins. Co.*, 67 F.4th 672, 674 (5th Cir. 2023). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a material fact issue is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "All evidence is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in that party's favor." *Johnson v. Cooper T. Smith Stevedoring Co.*, 74 F.4th 268, 272 (5th Cir. 2023) (citation omitted). However, "[s]ummary judgment may not be thwarted by conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Moreover, "[w]e may affirm a summary judgment on any ground supported by the record." *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 520 (5th Cir. 2021) (citation omitted).

## III.

At the outset, we consider whether the district court erred in concluding that Yates could not establish that he suffered an adverse employment action sufficient to sustain his discrimination claims.

In rejecting Yates's discrimination claims, the district court erroneously relied on this court's former "ultimate employment decision" standard for Title VII discrimination claims, under which discrimination is actionable only if it amounts to an "ultimate employment decision[] such as hiring, granting leave, discharging, promoting, or compensating." *McCoy*, 492 F.3d at 559 (internal quotation marks omitted). However, in *Hamilton*, our court held that a plaintiff need not show "discrimination with respect to an 'ultimate employment decision'" but instead only "that [he] was discriminated against, because of a protected characteristic, with respect to . . . the 'terms, conditions, or privileges of employment'—just as the statute says." 79 F.4th at 506 (quoting 42 U.S.C. § 2000e-2(a)(1)). *Hamilton* recognized that Title VII "does not permit liability for de minimis workplace trifles" but declined to address "the precise level of minimum workplace harm" necessary to sustain a discrimination claim. *Id.* Subsequently, in *Muldrow v. City of St. Louis*, the Supreme Court held that "[a]lthough an employee must show some harm . . . to prevail in a Title VII suit, [he] need not show that the injury satisfies a significance test." 601 U.S. 346, 350 (2024).

Spring ISD correctly concedes that, for purposes of this appeal, Yates's claims regarding his "reassignment to the 'push-in position'" and his "being placed on administrative leave for four months" constitute adverse employment actions under *Hamilton*. However, Spring ISD contests any characterization of Yates's placement on support plans as an adverse action, even after *Hamilton*. We need not decide today whether placement

on support plans constitutes an adverse action under *Hamilton*. Assuming arguendo that the imposition of support plans here rose to the level of an adverse action, for the reasons explained below, the district court did not err in alternatively concluding that Spring ISD rebutted any prima facie case by providing a nondiscriminatory reason for any adverse action.

## IV.

Again, we assume arguendo that (1) Yates has established that he suffered an adverse employment action sufficient to sustain his discrimination claims and (2) that Yates established a prima facie case of age discrimination under the ADEA.[4] But because Spring ISD gave a nondiscriminatory reason for Yates's reassignment and Yates failed to show that reason was pretextual, we affirm the summary judgment as to Yates's age-discrimination claim on this alternative ground.

Once a plaintiff has established a prima facie case, the defendant has "the burden of producing an explanation to rebut the prima facie case—*i.e.*, the burden of producing evidence that the adverse employment actions were taken for a legitimate, nondiscriminatory reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993) (internal quotation marks and citation omitted). If the defendant meets this burden, "the presumption raised by the prima facie case is rebutted, and drops from the case," *id.* at 507 (internal

---

[4] We agree with the district court, for the reasons it gave, that Yates failed to prove prima facie cases of discrimination based on race under Title VII or disability under the ADA. Nonetheless, *Hamilton* and *Muldrow* apply with equal force to Yates's ADEA discrimination claim. *See, e.g.*, *Smith v. City of Jackson*, 351 F.3d 183, 188, 196 (5th Cir. 2003) (explaining that it "is no coincidence" that "the core sections" of the ADEA and Title VII "overlap[] almost identically," as "the prohibitions of the ADEA were derived *in haec verba* from Title VII" (quoting *Lorillard v. Pons*, 434 U.S. 575, 584 (1978))); *see also Milczak v. Gen. Motors, LLC*, 102 F.4th 772, 787 (6th Cir. 2024) (applying *Muldrow* "in the ADEA context").

quotation marks and citation omitted), and the burden of production reverts to the plaintiff to show that the employer's articulated reasons are a pretext for discrimination, *see Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 255-56 (1981); *McDonnell Douglas*, 411 U.S. at 804–07.[5] "To establish pretext, [a plaintiff] must show that [the defendant's] proffered explanation is false or unworthy of credence." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (internal quotation marks and citation omitted).

Although the district court erred by relying on pre-*Hamilton* case law to conclude that the employment actions at issue did not rise to the level of adverse actions, it still conducted a *McDonnell Douglas* analysis in the alternative. The court correctly determined that Spring ISD offered legitimate, nondiscriminatory reasons for its actions, and that Yates failed to offer adequate summary-judgement evidence to show that the reasons offered were a pretext for age discrimination.

Spring ISD provided a facially nondiscriminatory reason for the adverse actions it took: Its ongoing concerns about Yates's preparation and performance informed its decision to replace Yates with Lugo and reassign Yates to the push-in role. And Spring ISD substantiated that reason with record evidence, through Principal Banks's testimony concerning his walkthrough evaluations[6]—in which he expressed "ongoing concerns about

---

[5] "It is important to note, however, that although the *McDonnell Douglas* presumption shifts the burden of *production* to the defendant, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Ctr.*, 509 U.S. at 507 (cleaned up).

[6] Contrary to Yates's contention on appeal, the district court did not err in relying on Principal Banks's sworn declaration, which Yates has failed to show was "perjured," as he alleges. The issues that Yates takes with Banks's testimony do not raise any disputed facts as to its truthfulness, nor could they in the absence of any evidence submitted by Yates in the district court.

Mr. Yates'[s] performance, as he continued to struggle with the level of the rigor of his instruction, his pacing and time management, his checks for understanding, and his classroom management"—as well as numerous instances of constructive feedback from supervisors on Yates's performance.

Yates failed to provide sufficient evidence in the district court supporting an argument that the evaluations or performance plans he received were the result of discrimination, or that the well-documented concerns his supervisors had about his performance were pretextual. *See St. Mary's Honor Ctr.*, 509 U.S. at 507. Indeed, the sole testimony Yates gave for his belief that his replacement by Lugo was age discrimination was their respective ages.

Yates's best argument is that his performance was satisfactory, as evidenced by his "proficient average" summative evaluation from the end of the 2021–2022 school year, which is what allowed him to transfer to Bailey Middle School. But because those scores were recorded at the end of the school year, after Yates had been on the support plans, those higher scores could well have been the result of Yates's improvement, attributable to the support plans, over the course of the year. Indeed, Yates's "T-TESS Walkthrough" reports from earlier in the school year reveal that he was still "Developing," rather than "Proficient," in many areas.

Because "a reasonable factfinder could [not] infer discrimination" from Yates's end-of-year evaluation, *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 826 (5th Cir. 2022) (citation omitted), Yates has failed to establish a genuine dispute of material fact as to whether Spring ISD's nondiscriminatory explanation was "false or unworthy of credence," *Vaughn*, 665 F.3d at 637; *see Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 1002 n.8 (5th Cir. 2022) ("[E]ven an incorrect belief that an employee's

No. 23-20441

performance is inadequate constitutes a legitimate, non-discriminatory reason." (citation omitted)).[7]

## V.

We agree with the district court's alternative conclusion that Spring ISD rebutted any prima facie case by providing a nondiscriminatory reason for any adverse action. So, we AFFIRM the summary judgment.

―――――――――――――――――――

[7] Even when "liberally construed," Yates's opening brief fails to discuss any retaliation claim, so he has forfeited it. *Coleman*, 912 F.3d at 829 n.5.