# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-50663
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2025

Lyle W. Cayce
Clerk

Eugene Long,

*Plaintiff—Appellant*,

*versus*

City of Llano,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-1273

———————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam: *

Eugene Long was fired as the City of Llano's Director of Public Works. He was fifty-seven years old. He sued the City for age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA"). The district court granted the City's motion for summary judgment. It held that Long had not

—————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

established a prima facie case of age discrimination, nor had he shown that the reasons for his discharge were pretextual.  Because the district court properly held that Long had failed to establish a prima facie case of age discrimination, we affirm.

## I.

Long began working for the City in 1996.  From 2006 onward, he served as the City's Director of Public Works.  He reported directly to the City Manager.  Although Long apparently worked for the City without incident for several years, this situation changed around 2019.  At that time, Long received an evaluation from City Manager Scott Edmonson noting that Long needed to monitor his departments more closely, ensure work orders were completed in a timely fashion, and keep better track of employees.

Erica Berry, who became Interim City Manager in 2021, also noticed shortcomings in Long's job performance.  In addition to not following through on projects and exhibiting a general disregard for and dereliction of his duties, Berry found that Long was involved in two projects that resulted in legal issues for the City.  Additionally, Berry learned that electric crew members supervised by Long had worked for thirty-six hours straight in July 2021.  Long allegedly failed to check on these workers or relieve them, creating a safety issue.  Finally, Berry discovered that Long was investigated—but not cited—by the police department in July 2021 for placing a boat into the water of the City of Llano Lake in violation of a City Ordinance.  Long contends that the City's portrayal of these incidents is inaccurate and that, in any case, he was often in the right.

On August 10, 2021, Berry and Mayor Gail Lang met with Long about his performance.  They advised him that he could voluntarily retire, or he would be terminated based on these issues.  When Long declined to retire, the City terminated him. Because the Director of Public Works position was

later eliminated by the City, the departments Long supervised were restructured and his duties were dispersed among his former colleagues. One of these colleagues was allegedly significantly younger than Long.

After his termination, Long filed this ADEA and TCHRA lawsuit. The City responded with a motion for summary judgment, asserting that Long could not establish a prima facie case of age discrimination and that it had legitimate, nondiscriminatory reasons for firing him. Although Long's response argued that he had established a prima facie case and that the City's proffered reasons for terminating him were pretextual, the district court granted the City's motion for summary judgment. In addition to finding that Long had failed to establish a prima facie case of age discrimination under either the ADEA or TCHRA, the district court further found that Long had failed to demonstrate that the City's reasons for terminating him were pretextual. Long has timely appealed.

II.

We review a district court's grant of summary judgment de novo. *E.E.O.C. v. WC & M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is no genuine issue for trial when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). All facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences drawn in its favor. *WC & M Enters., Inc.*, 496 F.3d at 398. But "[s]ummary judgment may not be thwarted by conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Yates v. Spring Indep. Sch. Dist.*,

No. 24-50663

115 F.4th 414, 419 (5th Cir. 2024) (alterations in original) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)).

III.

A.

On appeal, Long initially challenges the district court's finding that he failed to establish a prima facie case of age discrimination.[1] He contends that he established a prima facie case as some of his work was redistributed to a younger colleague and other City employees were treated more favorably than he was.[2] Long further asserts that the district court erred in its adverse pretext ruling. The City responds that the district court's ruling should be affirmed because Long cannot establish a prima facie case of age discrimination through either of his theories or show that its proffered reasons for discharging him were pretextual.[3]

---

[1] Long first argues that his prima facie case became irrelevant once the City proffered reasons for discharging him. He thus contends that we should skip the prima facie analysis altogether. Because this argument is foreclosed by our precedent, we devote no further attention to it. *See Hague v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 560 F. App'x 328, 334–35 (5th Cir. 2014) (first citing *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 607 (5th Cir. 2007); and then citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 224 n.5 (5th Cir. 2000)) (holding that *U.S. Postal Board of Governors v. Aikens*, 460 U.S. 711 (1983), applies after trial, but not at the summary judgment stage); *Stallworth v. Singing River Health Sys.*, 469 F. App'x 369, 372 (5th Cir. 2012) (citing *Atterberry v. City of Laurel*, 401 F. App'x 869, 871 n.1 (5th Cir. 2010)) (declining to adopt *Brady v. Office of the Sergeant of Arms*, 520 F.3d 490 (D.C. Cir. 2008)).

[2] Notably, Long does not attempt to establish his prima facie case by arguing that the elimination of his position and distribution of his responsibilities among his colleagues was part of a discriminatory conspiracy to fire him. He only argues that he was terminated because of his age.

[3] The City also argues that Long's appeal could be dismissed for failure to cite the record adequately. Although Long's brief could certainly have included more record citations, we decline to exercise our discretion to dismiss his appeal on this basis.

No. 24-50663

B.

We begin with the basics. "The ADEA and the TCHRA prohibit employers from discharging or otherwise discriminating against any individual because of his or her age." *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013) (citing *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 461 (5th Cir. 2005)). Here, Long presents no direct evidence that the City discriminated against him on the basis of age. Thus, Long must rely on circumstantial evidence to prove age discrimination under the ADEA and TCHRA. We therefore apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015).

"Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of age discrimination by showing that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Id.* (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir.2005), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)). "If the plaintiff successfully makes out a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the termination." *Id.* If the employer satisfies this burden, the burden shifts back to the plaintiff to demonstrate that the employer's stated reason was a pretext for discrimination or, under the TCHRA, that discrimination was nonetheless a motivating factor in the employer's discharge of the plaintiff. *Id.* at 474–75.

C.

Because the parties only dispute the fourth element of Long's prima facie case, that is, whether he was replaced by someone outside his protected

5

class, replaced by someone younger, or otherwise discharged because of his age, we will begin our analysis there. Long makes two arguments in an effort to satisfy this element. We address each argument in turn, but ultimately conclude that Long failed to establish a prima facie case of age discrimination.

1.

Without citing any caselaw, Long argues that the fourth, and necessary, element of his prima facie case—i.e., that he was replaced by someone outside his protected class, replaced by someone younger, or otherwise discharged because of his age—is satisfied because his duties were distributed, in part, to someone significantly younger than he.

But this court has held that terminated employees cannot show that they were replaced when their positions are eliminated and their duties are distributed among their former co-workers. *Rexses v. Goodyear Tire & Rubber Co.*, 401 F. App'x 866, 868 (5th Cir. 2010) (citing *Dulin v. Dover Elevator Co.*, 139 F.3d 898 (5th Cir. 1998) (unpublished)); *see also Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339–40 (5th Cir. 2021) (holding that a Title VII plaintiff could not show that he was replaced by someone outside his protected class when his former duties were merely distributed among his former co-workers).[4]

---

[4] Neither party has raised it, but see *Young v. Harris Health Care, Inc.*, an unpublished opinion which supports Long's position. 226 F.3d 643 (5th Cir. 2000) (unpublished). In *Young*, this court found that the plaintiff satisfied the fourth element of her prima facie age discrimination case by showing that her job was eliminated and that all of her duties were distributed to colleagues who were significantly younger than she was. *Id. Ernst*, which is published, significantly undermines *Young*'s persuasiveness, though. 1 F.4th at 339 n.5. Specifically, after noting that *Young* was not binding, the *Ernst* panel dismissed *Young* as distinguishable because it involved a situation where *all*—as opposed to *some*—of the colleagues who absorbed the plaintiff's responsibilities were outside of the plaintiff's protected class. *Id.*

No. 24-50663

Long, whose position was eliminated and whose duties were, in part, distributed to a younger colleague, therefore fails to show that he was replaced by someone younger than he. *See Ernst*, 1 F.4th at 339–40; *Rexses*, 401 F. App'x at 868. Consequently, Long fails to establish a prima facie case on the basis that he was replaced by someone younger.

2.

Long's second argument regarding the fourth element is that similarly situated younger employees were treated differently from him.

In disparate treatment age discrimination cases, the plaintiff must identify a "similarly situated" younger employee. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007). And to establish that a younger employee is "similarly situated," a plaintiff must show "nearly identical" circumstances. *Id.*

In support of this argument, Long asserts that he is innocent of workplace misconduct and that other unidentified, innocent employees were not fired. Unsupported and vague allegations concerning similarly situated employees are not enough to defeat summary judgment, though. *See Yates*, 115 F.4th at 419. Long therefore also fails to establish a prima facie case on the basis that similarly situated younger employees were treated more favorably than he was.

\*\*\*

Accordingly, we hold that Long failed to show that he was replaced by someone younger than he was, nor did he show that similarly situated younger employees were treated more favorably than he was. He thus failed to establish a prima facie case of age discrimination under the ADEA or

No. 24-50663

TCHRA.[5] Because Long failed to provide direct or circumstantial evidence in support of his age discrimination claims, the district court did not err in granting the City's motion for summary judgment.

## IV.

In sum, the district court correctly granted summary judgment against Long's claims and the judgment is

AFFIRMED.

---

[5] Long's failure to establish a prima face case is dispositive, so we need not consider whether the City's reasons for discharging Long are pretextual.